## Winkler Estate

*Franklin L. Wright*, of *Wright, Mauck, Hawes & Forrest* and *Morris H. Sheer*, of *Sanson, Sheer & Sanson*, for accountant.

*Harry J. Alker, Jr.*, for residuary legatee.

HOLLAND, P. J., May 14, 1948.—The record facts, the terms of the trust, and the identity of the interested parties and character and extent of their respective interests are all set out in the petition for adjudication.

The account is filed because of the death of Clara B. Cook, the annuitant of the fund, on June 13, 1946. At

her death the entire balance of principal is payable to Philadelphia Home for Incurables and Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church in equal shares. The correct name of the latter corporation is Lutheran Home for Orphans and Aged at Germantown.

The account shows a balance of principal personalty for distribution in the sum of $6,967.32, embraced in the investment securities shown on the second page of the account in the sum of $7,442.81, there being due accountant out of said securities the sum of $475.49. The account also shows a balance of income personalty for distribution in the sum of $7,718.70, composed of vouchers for annuity, vouchers for distribution, and cash, as shown on the first page of the account.

All transfer inheritance tax due has been paid in full.

Each of the aforesaid corporations entitled to one half of the balance of principal for distribution has approved the account in writing, said written approval being hereto attached.

This fund has been set up by this court, as indicated in the petition for adjudication, to raise the annuity given by testatrix to Clara B. Cook for her life. The said fund did not in all the years of Clara B. Cook's life earn the total annuity of $360 per year, so that at the time of her death there were arrearages due her in the sum of $1,006.72. The question is submitted as to whether her personal representative is or is not entitled to have this deficit paid to her estate out of the principal of the fund. The Philadelphia Home for Incurables consents to the arrearages being paid out of the fund provided the other beneficiary, Lutheran Home for Orphans and Aged at Germantown, consents to said payment. The latter corporation refuses to consent to the payment.

This court having heretofore set up this fund expressly as a fund to raise the annuity for Clara B. Cook, I conclude that the decision of the court at that time was that the benefit to her was an annuity in every respect and, as in all cases of annuity where a fund was set up to raise the annuity, deficiencies of income are payable out of principal. I have no doubt that I am right in my conclusion that Clara B. Cook was entitled to her full annuity of $360, and that if the fund failed to earn the annuity in any one year or in a number of years, the deficiency is payable out of the principal of the fund, and I so hold. The arrearages will therefore be awarded to her estate out of the said fund in the sum of $1,006.72.

Out of the balance of income for distribution there is awarded to the personal representatives of Clara B. Cook, deceased, on account of the arrearages or deficiency $1,006.72, and any deficiency on said arrearages is awarded out of the balance of principal for distribution together with any current annuity due her calculated up to the time of her death. The balance of principal for distribution then remaining is awarded in equal one half shares to The Philadelphia Home for Incurables and the Lutheran Home for Orphans and Aged at Germantown.

All awards are subject to distributions heretofore properly made.

The account is confirmed, and it is ordered and decreed that Fidelity-Philadelphia Trust Company, remaining trustee, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountant shall file a schedule of distribution in duplicate.

And now, May 14, 1948, this adjudication is confirmed nisi.